UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lennett Deron Toney, ) | C/A No. 4:13-1397-RBH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION |
| C. R. Jackson, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This employment action is filed by Lennett Deron Toney ("Plaintiff"), a *pro se* litigant, who is proceeding *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the assigned Magistrate Judge is authorized to review such complaints and submit findings and recommendations to the assigned District Judge. For the reasons that follow, it is recommended that the complaint be dismissed for failure to state a claim upon which relief may be granted.

**BACKGROUND**

In the complaint, Plaintiff alleges disparate treatment while working for the defendant, C.R. Jackson, Inc. The complaint includes an attached right-to-sue letter issued by the S.C. Human Affairs Commission (ECF No. 1-2), which resulted in a right-to-sue letter dated March 7, 2013, from the Equal Employment Opportunities Commission ("EEOC"). ECF No. 1-1. The complaint contends Plaintiff worked "from the bottom to the top" and was not justly compensated, while another person received "proper pay" for their work. ECF No. 1 at 3 - 4. The complaint contains no allegations attributing the disparate treatment to discrimination or retaliation. Plaintiff seeks help "in getting a settlement." ECF No. 1 at 5.

**STANDARD OF REVIEW**

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, upon the court's finding of *in forma pauperis* status. To protect against possible abuses of this privilege, the statute requires a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii). Plaintiff is also proceeding *pro se*, self-representing. *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Haines v. Kerner*, 404 U.S. 519 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a federal claim. *Weller v. Dep't. of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even liberally construed, the complaint filed in this case is subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**DISCUSSION**

The complaint is construed as filed pursuant to Title VII for employment discrimination, because Plaintiff pursued administrative remedies through the EEOC. Under Title VII, individuals are protected from discriminatory employment actions based on the individual's race, color, sex, religion, or national origin. 42 U.S.C. § 2000e–2(a). Title VII also prohibits an

2

employer from retaliating against an employee for engaging in protected conduct, such as filing an EEOC charge.  42 U.S.C. § 2000e–3(a); *see also Thompson v. North American Stainless, LP*, __ U.S. __, 131 S.Ct. 863, 868 (2011) (Title VII's "substantive antidiscrimination provision" and "antiretaliation provision" protect employees from unlawful adverse employment actions by their employer).

To state a claim, "the elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010).  To state a claim for retaliation under Title VII, the complaint must allege facts to establish: "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action."  *Id*.  The complaint does not contain allegations of discrimination or retaliation to support a Title VII claim.  Plaintiff does not purport to be a member of a protected class as required for a claim of employment discrimination.  Neither does Plaintiff allege engagement in protected activity on which a claim of retaliation is based under Title VII.  The complaint asserts Plaintiff was treated differently by being paid less wages, but no allegations are made that such treatment was based on a discriminatory or retaliatory purpose. The complaint fails to state a claim on which relief may be granted under Title VII.

**RECOMMENDATION**

Based on the foregoing, it is recommended that the District Judge dismiss the complaint *without prejudice* pursuant to 28 U.S.C. § 1915, for failure to state a claim on which relief may

be granted.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 28, 2013
Florence, South Carolina

**The plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).